IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| REBECCA BLACKBURN, individually and as Administratrix of the Estate of Matthew C. Blackburn, deceased; and MATTHEW R. BLACKBURN, individually; | CIVIL DIVISION<br><br>NO.: GD-19- 007466<br><br>CODE: |
| Plaintiffs, | **COMPLAINT** |
| Vs. | FILED ON BEHALF OF:<br>Rebecca Blackburn and the Estate of Matthew C. Blackburn, Plaintiffs |
| UNITED RENTALS, INC.; UNITED RENTALS (NORTH AMERICA), INC. a.k.a. UNITED RENTALS NORTH AMERICA, INC.; and UNITED RENTALS AERIAL EQUIPMENT, INC.; | Counsel of Record for This Party:<br><br>STEWART, MURRAY & ASSOCIATES LAW GROUP, L.L.C. |
| Defendants. | Jonathan M. Stewart, Esq.<br>P.A. ID# 87557<br><br>Patrick W. Murray, Esq.<br>P.A. ID# 90996<br><br>Devin C. O'Leary, Esq.<br>P.A. ID# 312544<br><br>William E. Stockey, Esq.<br>P.A. ID# 15581<br><br>437 Grant St., Suite 600<br>Pittsburgh, PA 15219<br>(412) 765-3345<br><br>**JURY TRIAL DEMANDED** |



EXHIBIT A

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served against you, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses and objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered without you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER [OR CANNOT AFFORD ONE], GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW [TO FIND OUT WHERE YOU CAN GET LEGAL HELP]. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
11th Floor Koppers Building, 436 Seventh Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| REBECCA BLACKBURN, individually and as Administratrix of the Estate of Matthew C. Blackburn, deceased; and MATTHEW R. BLACKBURN; | CIVIL DIVISION<br><br>NO.: GD-19- 007466 |
| Plaintiffs, | |
| Vs. | |
| UNITED RENTALS, INC.;<br>UNITED RENTALS (NORTH AMERICA), INC. a.k.a. UNITED RENTALS NORTH AMERICA, INC.; and UNITED RENTALS AERIAL EQUIPMENT, INC.; | |
| Defendants. | |

## COMPLAINT

AND NOW come the Plaintiffs, Rebecca C. Blackburn, individually and as Administratrix of the Estate of Matthew C. Blackburn, deceased, and Matthew R. Blackburn, by and through their attorneys, STEWART, MURRAY & ASSOCIATES LAW GROUP, L.L.C., and files the within Complaint, and in support thereof aver as follows:

### I. PARTIES

1. Plaintiff, Rebecca Blackburn, is an adult individual who currently resides in Allegheny County, Pennsylvania at 1544 Gilmore Drive, Jefferson Hills, PA 15025.

2. Plaintiff, Matthew R. Blackburn, is an adult individual who currently resides in Allegheny County, Pennsylvania at 16 Manor View Drive, Pittsburgh, PA 15227.

3. The Defendant, United Rentals, Inc., is a Delaware corporation which maintains a principal place of business at 4 Greenwich Office Park, Greenwich, CT 06831 operating locally through its branch located at 601 Pittsburgh Road, Butler, Pennsylvania 16002. This Defendant is engaged in regular, continuous, systematic and substantial business in Pennsylvania including Allegheny County.

4. The Defendant, United Rentals (North America), Inc. a.k.a. United Rentals North America, Inc. is a Delaware corporation which maintains a principal place of business at 5 Greenwich Office Park, Greenwich, CT 06831 operating locally through its branch located at 601 Pittsburgh Road, Butler, Pennsylvania 16002. This Defendant is engaged in regular, continuous, systematic and substantial business in Pennsylvania including Allegheny County.

5. The Defendant, United Rentals Aerial Equipment, Inc. is a Delaware corporation which maintains a principal place of business at 4 Greenwich Office Park, Greenwich, CT 06831 operating locally through its branch located at 601 Pittsburgh Road, Butler, Pennsylvania 16002. This Defendant is engaged in regular, continuous, systematic and substantial business in Pennsylvania including Allegheny County.

6. Defendants United Rentals, Inc., United Rentals (North America), Inc. a.k.a. United Rentals North America, Inc. and United Rentals Aerial Equipment, Inc. operate collectively as United rentals and will be referred to collectively through this Complaint as United Rentals and/or Defendants.

7. Matthew C. Blackburn died on May 23, 2017. On July 20, 2017, Rebecca Blackburn was appointed as the Administratrix of the Estate of Matthew C. Blackburn by the Allegheny County Register of Wills. Rebecca Blackburn was the wife of the now deceased Matthew C. Blackburn.

## II. JURISDICTIONAL STATEMENT

8.  Jurisdiction and venue are proper in Allegheny County, Pennsylvania, as the events in this matter occurred in Allegheny County, the United Rentals Defendants, have Pennsylvania business addresses, the cause of action arose in Allegheny County, the Defendants engaged in regular, continuous, systematic and substantial business in Pennsylvania including Allegheny County, and the occurrence out of which the cause of action underlying this matter arose in Allegheny County.

## III. FACTS

9.  Matthew C. Blackburn (hereinafter referred to as "Deceased Plaintiff"), was working as a window washer for the family business known as M and B Window Cleaning Company. On or about May 22, 2017, M and B Cleaning Company contracted with Defendants for the rental of an aerial lift for use in cleaning windows at 537 North Neville Street, Pittsburgh, Allegheny County, Pennsylvania the next day.

10. On May 23, 2017, and for years prior, Deceased Plaintiff was engaged full-time as a window washer, and had previously used aerial lifts rented from Defendants on multiple occasions, specifically for the purpose of cleaning windows from an elevated position and specifically used similar lifts rented from Defendants at the Neville Street address in the years prior.

11. On or about May 23, 2017, the Defendants, by and through its agents, employees, servants and/or the like delivered to 537 North Neville Street a JLG aerial lift, model number 860SJ-2011, in the early hours of the morning.

12. At the time that Defendants delivered the JLG aerial lift to the Neville Street location, Defendants knew or should have known that Plaintiff would operate such equipment to

perform window washing services from an elevated position dozens of feet from the concrete and/or asphalt below.

13. Further, because Defendants, through its agents, employees, servants and/or the like, delivered the JLG aerial lift to the location, Defendants knew or should have known of the close proximity to electrical lines to the building where Plaintiff would be working.

14. On information and belief, the JLG aerial lift that was delivered to the Neville Street location that morning was brought directly to 537 North Neville Street from the home of an employee, (believed to be) Steven Miller, an agent working on behalf of Defendants.

15. On information and belief, no inspections and/or maintenance were performed on the JLG aerial lift following the most recent use of the lift prior to being delivered to the Neville Street location. Alternatively, on information and belief, any inspection that did occur was cursory, incomplete and/or incompetent, and thereby negligently performed by Defendants and/or its agents or employs.

16. There is no documentation of a proper inspection being done on the aerial lift in question prior to being delivered to the Neville Street location on the date in question.

17. Upon delivery of the JLG lift to the location on May 23, 2017, witnesses present at 537 North Neville Street, noticed that the lift was functioning poorly and that its movements and operation were spasmodic in nature, causing the lift to jerk suddenly when moving. However, Deceased Plaintiff, Matthew C. Blackburn, was not present when the lift was delivered. This is despite the fact that Mr. Blackburn had been present when a lift was delivered on each prior occasion that Defendants delivered an aerial lift to a job site where he was going to use the lift for a job.

18. On each of these prior delivery occasions, Defendants followed the protocol of going over the aerial lift machine with Mr. Blackburn and had him sign paperwork at the time of delivery of the aerial lift machine.

19. Despite these clear signs that the JLG aerial lift was not functioning properly and despite Defendants' agent, employee, or servant (who was delivering the JLG lift) having difficulty moving the lift and getting it into gear that morning, Defendants, through its agents, employees, servants and/or the like, decided to deliver the lift and leave the lift at the Neville Street location knowing that Deceased Plaintiff and/or other workers would be arriving to use that same aerial lift later that morning.

20. Despite these clear signs that the JLG aerial lift was not functioning properly and despite having difficulty moving the lift that morning, Defendants, through its agents, employees, servants and/or the like, did not contact Deceased Plaintiff and/or M and B Window Cleaning Company to notify them of the improperly functioning JLG aerial lift.

21. At approximately 10:30AM on May 23, 2017, the Deceased Plaintiff was operating the JLG aerial lift delivered by Defendants. Deceased Plaintiff was operating the lift for the proper purpose of cleaning windows at 537 North Neville Street.

22. Plaintiff, Matthew R. Blackburn (Deceased Plaintiff's Son), was working with his Father that morning and was at the location attending to his work duties at the time.

23. While attempting to move the aerial lift, the JLG aerial lift jerked and/or lurched without warning, causing Deceased Plaintiff and/or the lift to come into contact with an overhead power line.

24. Upon contact with the overhead power line, the Deceased Plaintiff was struck by a 34,500-volt electrical charge.

25. Deceased Plaintiff was electrocuted and killed upon having such high voltages run through his body (and the JLG aerial lift in question) following contact with the overhead power line.

26. After being electrocuted, his son, Matthew R. Blackburn was forced to witness his father lying motionless in the lift with his body and the machine smoldering for hours before the emergency crews could finally remove Mr. Blackburn from the lift unit.

## COUNT I
## NEGLIGENCE – PURSUANT TO THE SURVIVAL ACT
*Rebecca Blackburn, individually and as Executrix of the Estate of Matthew Blackburn, deceased, v. United Rentals, Inc., United Rentals (North America), Inc. a.k.a. United Rentals North America, Inc. and United Rentals Aerial Equipment, Inc.*

27. Paragraphs one (1) through and including twenty-six (26) are incorporated by reference as if the same were fully set forth at length herein.

28. At all material times the Defendants were acting through their agents, employees, servants and the like, who were in turn acting within the course and scope of their employment.

29. Defendants had a duty and responsibility to ensure that the JLG aerial lift delivered to the Neville Street location on May 23, 2017, had been inspected for operability and maintained in accordance with manufacturer's specifications.

30. Additionally, Defendants had a duty to make certain that the JLG aerial lift had been inspected based on industry standards as well as Defendants' own policies and procedures.

31. Defendants failed to properly inspect the JLG aerial lift prior to delivering it to the Neville Street location where it was known that Plaintiff would be operating the lift.

32. Defendants failed to properly maintain the JLG aerial lift in accordance with manufacturer's specifications and maintenance schedule, industry standards and Defendants' own policies and procedures.

33. Knowing that the Deceased Plaintiff intended to use the JLG aerial lift for performing window washing services from an elevated position, the Defendants had a duty to ensure the safe and normal operation of the lift to avoid injury to its user(s) including Deceased Plaintiff.

34. Defendants breached its duty to Deceased Plaintiff by failing to provide a properly functioning, inspected and maintained lift for use at 537 North Neville Street.

35. In addition to the above noted duties and breaches, Defendants breached its duty of care by:

   a. failing to hire appropriately trained staff;
   b. failing to appropriately train the staff that was hired and/or retained;
   c. allowing and/or encouraging unskilled and/or untrained individuals to inspect and deliver JLG aerial lifts;
   d. allowing an employee to take a JLG aerial lift directly from their home to the Neville Street location in question without having a proper inspection conducted first;
   e. failing to properly follow industry standards and failing to properly inspect JLG aerial lifts prior to delivering them for use at job sites including the Neville Street location in this matter;
   f. failing to properly follow their policies and procedures by failing to properly inspect JLG aerial lifts prior to delivering them for use at job sites including the Neville Street location in this matter;
   g. failing to implement proper policies and procedures to make certain that JLG aerial lifts are not delivered for use before being properly inspected and without making certain the lifts are functioning properly and can be operated in a safe manner;
   h. failing to maintain appropriate records, including failing to properly document inspections of JLG aerial lifts including the one delivered to the Neville Street address in this matter;
   i. delivering a JLG aerial lift to the Neville Street location when the lift was not functioning properly and could not be operated in a safe manner;
   j. delivering a JLG aerial lift to the Neville Street location when the lift had not been properly maintained and upper control box (UCB) had damage from a water ingress problem leading to: 1.) the underside of the main lift/swing joystick and the top of the electronic module unit

      (EMU) were rusty and in poor condition; 2.) debris was entering the UCB including a broken cable tie, leaves and dirt particles; and 3.) the controls were compromised from water and rust entering the UCB. All three of which negatively impacted the functionality of the JLF aerial lift;

k. delivering a JLG aerial lift to the Neville Street location when the lift with holes in the boots on the UCB joysticks and missing screws on the drive/steer joystick;

l. delivering a JLG aerial lift to the Neville Street location when the lift with water ingress into the 12 volt control box leading to the machine controls functioning in unexpected and improper movements;

m. delivering a JLG aerial lift to the Neville Street location without providing proper familiarity training;

n. delivering a JLG aerial lift to the Neville Street location and leaving the improperly functioning lift under and/or near high voltage power lines;

o. delivering a JLG aerial lift to the Neville Street location and leaving the improperly functioning lift without following the proper protocol including a review of the machine with the renter and documentation of the renter's receipt of the machine;

p. delivering a JLG aerial lift to the Neville Street location when the lift had damaged hoses which had been taped instead of properly repaired or replaced; and

q. delivering a JLG aerial lift to the Neville Street location when the lift had not been repaired and maintained in accordance with manufacturer's instructions per ANSI A92.5-2006.

36. As a direct and proximate result of the aforesaid failure to inspect and maintain the JLG aerial lift in question, Matthew C. Blackburn, suffered extreme pain and shock, was electrocuted, was severely burned by the electrical current, and lost his life.

37. In causing the aforementioned injuries, the Defendants knew, or should have known, that Matthew C. Blackburn would or could suffer such harm. Despite this knowledge, Defendants accepted money to deliver a dangerous machine near high voltage power lines without properly inspecting and maintaining the machine first.

38. Additionally, Defendants knew the machine wasn't operating properly when Defendants' agents, employees servants and/or the like had difficulty operating the machine upon delivery that morning.

39. Despite this knowledge, Defendants recklessly proceeded to leave the aerial lift at the job site for Matthew C. Blackburn and/or other workers to use near dangerous high voltage power lines. Nobody from the window company was present at this delivery to go over the machine with Defendants and/or sign for the machine and more importantly, nobody from the window company was present at delivery to witness the difficulty Defendants were having moving the aerial lift to deliver it.

40. The Defendants' actions did not follow proper protocol and the conduct was outrageous, willful, wanton and exhibited a deliberate and reckless indifference to others including Matthew C. Blackburn's health and well-being.

41. The Defendants' conduct justifies an award of punitive damages, so as to make an example of them and encourage others not to repeat the Defendants' conduct.

42. Matthew C. Blackburn did not bring a claim for the aforementioned injuries during his lifetime.

WHEREFORE, Rebecca Blackburn, as Administratrix of the Estate of Matthew C. Blackburn, deceased, respectfully requests that judgment be entered in her favor, and against Defendants, in an amount in excess of, and not within, the jurisdictional arbitration limits of the Allegheny County Court of Common Pleas.

## COUNT II
## WRONGFUL DEATH

*Rebecca Blackburn, individually and as Executrix of the Estate of Matthew Blackburn, deceased, v. United Rentals, Inc., United Rentals (North America), Inc. a.k.a. United Rentals North America, Inc. and United Rentals Aerial Equipment, Inc.*

43. Paragraphs one (1) through and including forty-two (42) are incorporated by reference as if the same were fully set forth at length herein.

44. As a direct and proximate result of the Defendants' negligence, Matthew C. Blackburn suffered grave injuries and death.

45. Plaintiff, Rebecca Blackburn, Administratrix of the Estate of Matthew C. Blackburn, deceased, brings this action on behalf of the Estate of Matthew C. Blackburn, under and by virtue of the Pennsylvania Judiciary Act 42 Pa.C.S. §8301, known as the Wrongful Death Act ("Act"), to recover all damages legally appropriate thereunder.

46. Upon present information and belief, the Wrongful Death Act ("Act") beneficiaries are:

    i. Rebecca Blackburn (wife); and

    ii. Decedent's Children: Matthew R. Blackburn (Son), Haley L. Blackburn (Daughter), and Blake A. Blackburn (Son).

47. The persons entitled by law to recover damages for Matthew C. Blackburn's death have sustained the following damages: the cost of medical services and supplies incident to the treatment and subsequent death of Matthew C. Blackburn; the cost of funeral and burial expenses occasioned by the death of Matthew C. Blackburn; the amount of money Matthew C. Blackburn would have received until he would have reached his life expectancy; the loss of value of all services, assistance, comfort, companionship and society of Matthew C. Blackburn past, present

and future; the expenses of the administration of the Estate of Matthew C. Blackburn; and such other losses and damages recoverable by law or statute.

WHEREFORE, Rebecca Blackburn, as Administratrix of the Estate of Matthew C. Blackburn, deceased, respectfully requests that judgment be entered in her favor, and against Defendants, in an amount in excess of, and not within, the jurisdictional arbitration limits of the Allegheny County Court of Common Pleas.

### COUNT III
### NEGLIGENCE - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
*Matthew R. Blackburn, individually v. United Rentals, Inc., United Rentals (North America), Inc. a.k.a. United Rentals North America, Inc. and United Rentals Aerial Equipment, Inc.*

48. Paragraphs one (1) through and including forty-seven (47) are incorporated by reference as if the same were fully set forth at length herein.

49. At all material times the Defendants were acting through their agents, employees, servants and the like, who were in turn acting within the course and scope of their employment.

50. Defendants' negligence as described above and throughout this Complaint are hereby incorporated in this Count.

51. As a direct and proximate result of the aforesaid negligence relating to the JLG aerial lift in question, Matthew R. Blackburn was forced to witness his father, Matthew C. Blackburn, suffer extreme pain and shock, electrocution, being severely burned by the electrical current, and witness his death.

52. Additionally, the lift remained in the air for an extended period of time as Matthew R. Blackburn suffered looking on at the horrific scene where his father remained electrocuted, smoldering, burned and killed, all the while, being able to see his Father's face not knowing for certain, his Father's health status until emergency crews could finally lower the lift and confirm

that Matthew C. Blackburn had, in fact, passed away. These events caused immediate shock and severe emotion distress.

54. Matthew R. Blackburn has suffered, from the first moment of witnessing the tragedy of his Father's death, and, still to this date suffers, from severe emotional distress, depression, sadness, shock and the like.

54. In causing the aforementioned injuries, the Defendants knew, or should have known, that Matthew R. Blackburn would or could suffer such harm.

55. The Defendants' conduct was outrageous, willful, wanton and exhibited a deliberate and reckless indifference to Matthew R. Blackburn's health and well-being.

56. The Defendants' conduct justifies an award of punitive damages, so as to make an example of them and encourage others not to repeat the Defendants' conduct.

WHEREFORE, Matthew R. Blackburn, respectfully requests that judgment be entered in his favor, and against Defendants, in an amount in excess of, and not within, the jurisdictional arbitration limits of the Allegheny County Court of Common Pleas.

Respectfully submitted:

Jonathan M. Stewart, Esq.
Patrick W. Murray, Esq.
Devin C. O'Leary, Esq.
*Attorneys for Plaintiffs*

## VERIFICATION

I, REBECCA BLACKBURN, verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 5/20/19

REBECCA BLACKBURN (Plaintiff)

## VERIFICATION

I, MATTHEW R. BLACKBURN, verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 5-20-2019

_____
MATTHEW R. BLACKBURN (Plaintiff)